IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00061-KDB

| | |
|---|---|
| KAREN FORD,<br><br>**Plaintiff,**<br><br>v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,[1]<br><br>**Defendant.** | <u>**ORDER**</u> |

**THIS MATTER** is before the Court on Plaintiff Karen Marie Ford's Motion for Summary Judgment (Doc. No. 16) and Defendant's Motion for Summary Judgment (Doc. No. 20), as well as the parties' accompanying briefs. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision denying her application for period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33.

Having carefully reviewed and considered the written arguments, administrative record, and applicable authority, the Court finds that the matter should be remanded to allow the ALJ to reconsider and further explain her decision to give little weight to claimant's treating physician's medical opinion. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgement; **DENY** Defendant's Motion for Summary Judgement; **REVERSE** the Commissioner's decision; and **REMAND** the matter for further proceedings consistent with this order.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

1

## I. BACKGROUND

Ms. Ford filed her application for Title II period of disability and disability insurance benefits on December 12, 2016, alleging disability beginning October 20, 2016. Tr. at 20.[2] Plaintiff's application was initially denied on March 28, 2017, and upon reconsideration on June 13, 2017. *Id*. Ms. Ford timely requested a hearing before the ALJ, and a hearing was conducted with Administrative Law Judge Susan Poulos ("ALJ") presiding on January 9, 2019 in Charlotte, NC. *Id*. at 37-52. Judge Poulos returned an unfavorable decision on March 27, 2019. *Id*. at 17–35. Ms. Ford requested review of the ALJ's decision with the Appeals Council ("AC"). The AC denied review. *Id*. at 1-6. The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Ford has timely requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Ms. Ford was disabled under the law during the relevant period.[3] "Disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). At step one, the ALJ found that Ms. Ford had not engaged in

---

[2] Citations to the administrative record filed by the Commissioner are designated as "Tr."

[3] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

2

substantial gainful activity since her alleged onset date of October 20, 2016. Tr. at 22. At step two, the ALJ found that Ms. Ford had the following medically determinable and severe impairments: degenerative disc disease of the cervical spine and status post anterior cervical discectomy and fusion ("ACDF"). Tr. at 22–23. However, the ALJ found at step three that Plaintiff's impairments did not meet or equal one of the conditions in the Listing of Impairments at 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. *Id.* at 23.

The ALJ found that Ms. Ford has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c), "except she perform [sic] frequent not constant overhead reaching with her bilaterally upper extremities." Tr. at 24. Based on this RFC and the testimony of the Vocational Expert ("VE"), the ALJ found at step four that the Plaintiff was able to perform her past relevant work as a retail sales manager trainee, retail store manager, and a home attendant. *Id*. at 27. Alternatively, the ALJ found that there are other jobs that exist in significant numbers in the national economy that the claimant could also perform. *Id.* at 28. Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from October 20, 2016 through the date of her decision. *Id*. at 29.

### III. LEGAL STANDARD

District courts review the ALJ's Social Security disability determination pursuant to the standard set out in 42 U.S.C. § 405(g). The decision of the ALJ must be upheld if the ALJ "applied the correct legal standards" and if the "factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Though the "threshold for such evidentiary sufficiency is not high," it requires that "more than a mere scintilla" of evidence

support the ALJ's findings. *Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). In undertaking this review, it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

## IV. DISCUSSION

On appeal to this Court, Plaintiff alleges that the ALJ failed to engage in the regulatory analysis required under 20 C.F.R. § 404.1527(c) in determining the weight given to a treating physician's opinion. Doc. No. 17 at 4. Additionally, Plaintiff alleges that the ALJ's RFC assessment failed to impose mental limitations supported by the ALJ's findings, including the addictive nature of Ms. Ford's smoking and diagnosis of fibromyalgia. *Id*. at 4–5. Accordingly, Plaintiff believes that the ALJ's RFC determination is not supported by substantial evidence and asks that this case be remanded for further administrative proceedings, including a *de novo* hearing and decision.

### A.

When determining a claimant's disability status, the ALJ is required to consider the medical opinions of the claimant's treating physicians. *See* 20 C.F.R. § 404.1527(b) ("[W]e will always consider the medical opinions in [a claimant's] case record."). Section 404.1527(c) establishes the "treating physician rule," whereby the medical opinion of a treating physician is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *See, e.g.*, *Arakas v. Comm'r of Soc. Sec.*, 983 F.3d 83, 106–07 (4th Cir. 2020) (applying the treating physician rule); *Brown v. Comm'r of Soc. Sec.*, 873 F.3d 251, 255–56 (4th

4

Cir. 2017) (same). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). In such cases, the ALJ must then consider each of the factors laid out by 20 C.F.R. § 404.1527(c)(2) in determining the proper weight of the opinion.[4] *Dowling v. Comm'r of Soc. Sec.*, 986 F.3d 377, 385 (4th Cir. 2021). While the ALJ is not required to set forth a detailed factor-by-factor analysis, it must be clear from the decision that the ALJ meaningfully considered each of the factors before determining how much weight to give the opinion. *Id.*

In discussing Dr. Scoggins' opinion and why she gave the opinion little weight, the ALJ stated:

> The totality of the evidence does not support his opinion that the claimant could only stand, sit, and walk no more than two hours in an eight-hour workday. He also concluded that she could never lift ten pounds; that she could never perform posturals to including twisting, stooping, crouching, and climbing; and that she would likely be absent from work more than four days a month because of her impairment (Exhibit 10F). Indeed, based on the other evidence of record, Dr. Scroggins' [sic] opinion was an overestimate of the severity of the claimant's restrictions and limitations.

Tr. at 27. Here, substantial evidence supports the ALJ's decision not to give controlling weight to Dr. Scoggins' medical opinion. While there is no indication that Dr. Scoggins' opinion was unsupported by medically acceptable clinical and laboratory diagnostic techniques, a reasonable mind could conclude that the opinion conflicts with other evidence in the record. For instance,

---

[4] In evaluating a medical opinion, the ALJ is instructed to consider (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) supportability, i.e., the extent to which the treating physician presents relevant evidence to support the medical opinion; (4) consistency, i.e., the extent to which the opinion is consistent with the evidence in the record; (5) the extent to which the treating physician is a specialist opining as to issues related to his or her area of specialty; and (6) any other factors raised by the parties which tend to support or contradict the medical opinion. 20 C.F.R. § 404.1527(c)(2)(i)–(6).

Plaintiff's medical records indicate a diagnosis of bilateral herniated nucleus pulposus ("HNP") of the C5-6 vertebrae resultant from being struck by a motorized scooter in October 2016. *Id.* at 24–25. Plaintiff was treated by orthopedist Dr. Mark Moody, who recommended a spinal fusion and performed the surgery on December 2, 2016. *Id.* at 25. Following surgery, Plaintiff continued to complain of increased neck pain with radiation into the left shoulder and biceps. *Id.* Diagnostic examinations in May 2017 and July 2017 revealed "incomplete occeous fusion across the intervening C5-6 disc space" indicative of pseudoarthrosis. *Id.* A second surgery was performed on October 11, 2017. *Id.* The record indicates that following the second surgery, Plaintiff's pseudoarthrosis was corrected, pain was diminished, strength was improved, and she was subsequently discharged from Dr. Moody's care. *Id.* at 26. Since Dr. Scoggins' opinion, dated May 3, 2017, was given prior to the second corrective surgery and subsequent recovery, it is reasonable for the ALJ to afford the opinion less than *controlling* weight.

## B.

Having determined that the treating physician rule was inapplicable, the ALJ is then required to consider the factors laid out in 20 C.F.R. § 404.1527(c) to determine the appropriate weight of Dr Scoggins' opinion. Plaintiff cites the Fourth Circuit's recent decision in *Dowling v. Commissioner of Social Security Administration*, 986 F.3d 377 (4th Cir. 2021) as evidence that the ALJ here failed to correctly assess the aforementioned factors. In *Dowling*, the court found that the ALJ's explanation, citing to the factors of "consistency" and "supportability" without explanation as to how the opinion was inconsistent or unsupported, was insufficient to satisfy the requirements of Section 404.1527(c). *See Dowling*, 986 F.3d at 385. The ALJ's decision here suffers from similar defects. While the ALJ found that Dr. Scoggins' opinion is unsupported by diagnostic testing and inconsistent with the longitudinal record, she fails to explain *how* the opinion

6

is unsupported and inconsistent. Moreover, the ALJ makes no reference to any of the remaining four Section 404.1527(c) factors. Tr. at 27; *see Dowling*, 986 F.3d at 385 ("In failing to acknowledge and apply each of these six factors, the ALJ erred."). "It is an elemental principle of administrative law that agency determinations must be made in accordance with certain procedure which facilitates judicial review." *Dowling*, 986 F.3d at 386 (quoting *Patterson v. Comm'r of Soc. Sec.*, 846 F.3d 656, 662 (4th Cir. 2017)) (internal quotations omitted). Here, the ALJ failed to fully engage in the appropriate analysis as required by Section 404.1527(c). As such, this error necessitates a remand in this case to allow the ALJ to consider Dr. Scoggins' medical opinion in accordance with Section 404.1527(c) and *Dowling*.[5]

## V. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgement (Doc. No. 16) is **GRANTED**; Defendant's Motion for Summary Judgement (Doc. No. 20) is **DENIED**; and the Commissioner's decision is **REVERSED**. This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[6]

**SO ORDERED ADJUDGED AND DECREED.**

Signed: August 24, 2021

Kenneth D. Bell
United States District Judge

---

[5] Having determined that the case must be remanded for a new hearing, the Court need not and does not reach Plaintiff's second argument challenging the ALJ's RFC determination. At the new hearing, the ALJ can appropriately consider, *inter alia*, Plaintiff's arguments with respect to her fibromyalgia and mental limitations.

[6] Sentence Four authorizes "a judgement affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990).